# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAYLOR GARRISON, JR., ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-08-1304-M |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent.[1] ) | |

## REPORT AND RECOMMENDATION

Petitioner, Taylor Garrison, Jr., a state prisoner appearing *pro se*, and currently confined at Lawton Correctional Facility (LCF) at Lawton, Oklahoma, has filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth below, it is recommended that the petition be summarily dismissed upon filing.[2]

---

[1] The United States of America is not Petitioner's current custodian and is therefore not a proper respondent in this action. In light of the recommended summary dismissal, however, no recommendation is made for substitution of respondent.

[2] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (*citing* Rule 1(b)).

**I.     Background**

Petitioner was convicted, pursuant to guilty plea, of two counts of bank robbery in violation of 18 U.S.C. § 2113(a) in the United States District Court for the Western District of Oklahoma, Case No. CR-05-028-F, pursuant to judgment entered on June 30, 2005. Petitioner was sentenced to terms of 105 months as to each count, the counts to be served concurrently. *See* Docket, Case No. CR-05-028-F, Judgment and Sentence [Doc. #67] (June 30, 2005).

Thereafter, on August 10, 2005, Petitioner entered a guilty plea on state charges of possession of a controlled dangerous substance in violation of Okla. Stat. tit. 53, §§ 2-401, 2-420, in the District Court of Oklahoma County, State of Oklahoma, Case No. CF-2004-1198. Petitioner was sentenced to ten years to be served concurrently with the federal sentence. According to Petitioner, the attorney representing him in his state court proceedings "assured me that my federal time had already began when I entered the plea agreement with the state." *See* Petition at 10. Petitioner states that "I entered into this agreement believing that the state and federal sentence time would run concurrently." *Id*.

Petitioner alleges that he did not discover until June 2008 that his state and federal sentences were not running concurrently and that he had not been receiving credit on his federal sentence.[3]

---

[3]Petitioner makes this allegation to establish the timeliness of his petition. *See* Petition at 13, ¶ 18. The Court does not address any timeliness issues because the petition is otherwise subject to dismissal for the reasons discussed herein.

Petitioner did not file a direct appeal or bring a motion pursuant to 28 U.S.C. § 2255 to challenge his federal conviction and sentence. And, Petitioner makes no allegations that he has previously challenged his state conviction and sentence in a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254.

Petitioner did attempt to file a "Motion in Letter Form" in his federal criminal case on September 3, 2008. *See* Docket, Case No. CR-05-28-1-F, Motion in Letter Form [Doc. # 91]. Petitioner stated the following in the Motion:

> I was sentenced in Federal Court by U.S. District Judge Stephen P. Friot on June 28, 2005. On August 10, 2005 I was sentenced in Oklahoma County District Court by Judge Jerry D. Bass to serve ten years in state prison, Case #CF-2004-1198. This sentence was to run concurrent with CF-02-565 and Federal Sentence CR-05-28-1-F.
> I was assured by both of my Attorneys that my federal sentence began on the day that I was sentenced. Now I've been informed by the Bureau of Prisons that thats not necessaraly true.
> I would ask that the court enforce Judge Friots recommendation that I be remanded to the custody of the US Marshals, or designate Lawton Correctional Facility as the place where I serve my sentence.
> I would also ask that I be given credit for time served since June 28, 2005. The day that I was sentenced.

*See id*.

The district judge presiding over Petitioner's federal criminal prosecution, the Honorable Stephen P. Friot, entered an order striking the motion. *See* Order [Doc. #92]. Judge Friot stated:

> Upon review, the court concludes that defendant is seeking to challenge the execution of his federal sentence. In order to challenge the execution of his federal sentence, defendant must file a petition for habeas corpus under 28 U.S.C. § 2241. . . . If defendant seeks to challenge the execution of his federal sentence, he must file a petition for habeas corpus under 28 U.S.C. § 2241.

*See* Order at 1. Petitioner then proceeded to file the instant action pursuant to 28 U.S.C. § 2241 on November 26, 2008.[4]

## II.     Petitioner's Claims for Relief Set Forth in the § 2241 Petition

Petitioner asserts four claims for habeas relief in his § 2241 petition. In Ground One, Petitioner claims he was misled by the attorney representing him in the federal criminal sentencing proceedings on June 30, 2005, because his attorney assured him that his federal sentence would commence running on that date. In Ground Two, Petitioner claims he was misled by the wording on the federal Judgment and Sentence. According to Petitioner the Judgment and Sentence indicates Petitioner would be immediately committed to the custody of the BOP and, therefore, Petitioner believed his federal sentence commenced running on that date. Further, Petitioner contends the Judgment and Sentence does not state Petitioner's federal sentence would be postponed awaiting outcome of state charges or that his federal sentence would be ordered to run consecutive to any sentence received in the future. In Ground Three, Petitioner claims "criminal monetary penalties of my [federal] sentence began immediately." The basis of Petitioner's claim is not clear other than Petitioner seems to rely on this factor as further evidence that he had been misled to believe that he would immediately begin serving time on his federal sentence upon the entry of the Judgment and Sentence. In Ground Four, Petitioner claims he was misled by both the prosecutor and his appointed attorney in the state court criminal proceedings because he was told that his federal

---

[4] Although Petitioner used a form for § 2255 motions, he inserted at the top of the motion "28 U.S.C. § 2241" indicating his intent to proceed pursuant to § 2241.

time had already commenced running at the time he entered his state plea and further that the state sentence would run concurrently with the federal sentence. As relief, Plaintiff requests this Court to "run case #CR-05-28-F concurrently with state sentence #CF-2004-1198 and CF-2000-1192 and designate Lawton Correctional Facility as my place of confinement." *See* Petition at 14.

**III.   Analysis**

A challenge to the execution of a sentence is properly brought pursuant to 28 U.S.C. § 2241. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). When Petitioner filed the "Motion in Letter Form" he requested as relief that he be placed in the custody of the Federal Marshals or that the BOP designate Lawton Correctional Facility as the place for Petitioner to serve his federal sentence.[5] He further requested credit on his federal sentence for time served in state custody. Judge Friot, addressing the "Motion in Letter Form," properly characterized Petitioner's request as a challenge to the execution of his sentence. *See, e.g., United States v. Eccleston*, 521 F.3d 1249, 1253-1254 (10th Cir. 2008) (construing as challenges to the execution of a sentence petitioner's claims that: (1) he was entitled to serve his sentence in the custody of the BOP and; (2) that his federal and state sentences must be served concurrently).

---

[5]BOP Program Statement 5160.05 establishes procedures for a state to request the BOP to designate a state institution as the place to serve a federal sentence concurrently with a state sentence. *See United States v. Eccleston*, 521 F.3d 1249, 1252 and n.1 (10th Cir. 2008).

When Petitioner filed his § 2241 petition, however, he asserted different claims that are not cognizable under § 2241. The claims raised in the petition challenge the validity of the convictions and sentences, not the execution of those sentences and, therefore, must be raised in a motion brought pursuant to 28 U.S.C. § 2255 (governing challenges to a federal conviction and sentence) or an application filed pursuant to 28 U.S.C. § 2254 (governing challenges to a state conviction and sentence). *See Eccleston*, 521 F.3d at 1253 ("A challenge to the propriety of the federal conviction or sentence itself – such as whether Mr. Eccleston was misled when he pleaded guilty or whether the sentence violated the plea bargain – must proceed under § 2255, not § 2241 . . . .").

To the extent Petitioner's requested relief that LCF be designated as the place of confinement for his federal sentence suggests Petitioner is challenging the execution of his sentence, Petitioner has failed to establish a right to § 2241 habeas relief. Like Petitioner, the petitioner in *Eccleston* sought to serve his state and federal sentences concurrently in a federal facility and to have his prior time in state custody credited to his federal sentence. The Court dismissed the § 2241 application on grounds that it failed to raise any viable claim. The Court reasoned:

> [N]othing in [Eccleston's] federal sentence suggests that it is to be served before or concurrently with any state sentence or that he is to serve his sentences in federal custody. Although Mr. Eccleston's state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence. As we stated in *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir.1991), the determination of whether a defendant's "federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court

6

>    provision for concurrent sentencing on a subsequently-obtained state conviction."

*Eccleston*, 521 F.3d at 1254. As in *Eccleston*, here the fact that the subsequent state conviction ordered the state sentence to run concurrently with the federal sentence does not provide grounds for relief. The federal sentence does not make any reference to the future state sentence, nor does it provide that it is to run concurrently with the state sentence. *See United States v. Ellsworth*, No. 08-5025, 2008 WL 4567113 at *1 (10th Cir. Oct. 2, 2008) (unpublished op.) (where federal sentence did not reference state sentence and did not specify whether it was to run concurrently or consecutively to state sentence, the federal sentence is deemed, as a matter of law, to run consecutively to the state sentence) (*citing* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")). Therefore, to the extent Petitioner challenges the execution of his federal sentence, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241.[6]

---

[6] Petitioner also claims language in the federal Judgment and Sentence demonstrates his federal sentence commenced immediately upon entry of the Judgment and Sentence and establishes he was placed in BOP custody to begin service of that sentence. The Judgment and Sentence states: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 105 months. . . . ." *See* Judgment and Sentence [Doc. #67] at 2. Contrary to Petitioner's argument, however, this language does not establish the commencement date of his federal sentence. "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." *See Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006). The record in the federal criminal case establishes that Petitioner appeared in federal court pursuant to a writ of habeas corpus *ad prosequendam* [Doc. #65]. Under those circumstances, Petitioner had not been received into federal custody to commence service of his federal sentence. *See id.* at 1256.

In sum, Petitioner cannot bring claims challenging the validity of his federal or state convictions and sentences in a habeas corpus action brought pursuant to § 2241, and those claims, therefore, are not cognizable in this action. To the extent Petitioner challenges the execution of his federal sentence, he has failed to state a viable claim. Therefore, it is recommended that the § 2241 petition be summarily dismissed.

## RECOMMENDATION

It is recommended that the Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be summarily dismissed.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. §636. Any objections should be filed with the Clerk of this Court by June  30th , 2009. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  10th  day of June, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE